IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2021 JUL 29 AM 10: 50

CLERK
BY _____
DEPUTY CLERK

| | |
|---|---|
| RICHARD MARTELL, | |
| Plaintiff, | Doc. No. 21-CV-01704<br>Vermont Superior Court |
| v. | Case No.: 2:21-cv-188 |
| COSTCO CORPORATION, CHRIS STAFFORD, AND SCOTT BACON | |
| Defendants. | |

## NOTICE OF REMOVAL

To:   United States District Court for the District of Vermont

Vermont Superior Court -- Franklin

Richard A. Martell
28 N. Elm Street
St. Albans City, VT 05478
dboy1167@gmail.com

PLEASE TAKE NOTICE that Defendant COSTCO WHOLESALE CORPORATION ("Costco") (incorrectly identified in the caption as "COSTCO CORPORATION"),[1] by its counsel, and pursuant to 28 U.S.C. §§ 1331, 1332, and 1441, file this Notice of Removal regarding the case entitled Richard Martell v. Costco Corporation, et. al., Docket No. 21-CV-01704, from the Superior Court of Vermont, Civil Division, Franklin Unit. The grounds for this removal are as follows:

---

[1] Defendants CHRIS STAFFORD ("Stafford"), and SCOTT BACON ("Bacon") are also represented by Seyfarth Shaw LLP and consent to this removal. However, they have been improperly joined in this lawsuit to defeat diversity as described below.

73530978v.1

**Removal Is Timely And All Named Defendants Consent**

1. On or about June 29, 2021, Plaintiff Richard Martell ("Martell" or "Plaintiff") filed his Complaint (the "Complaint") with the Clerk of the Superior Court of Vermont, Civil Division, Franklin Unit, against Costco, Stafford, and Bacon. A copy of the Complaint and all other filings in the state court action are attached as **Exhibit A**.

2. On or about July 8, 2021, Plaintiff served the Complaint and summons on Costco and Stafford. Copies of the Returns of Service for Costco and Stafford are attached as **Exhibit B**. On or about July 9, 2021, Plaintiff served the Complaint and summons on Bacon. A copy of the Return of Service for Bacon is attached as **Exhibit C**. Because Costco has filed this Notice of Removal within thirty days of service, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).

3. Defendants Stafford and Bacon consent to remove this action to federal court.

**Federal Question Jurisdiction Exists**

4. This Court has original federal question jurisdiction over the Complaint under 28 U.S.C. § 1331. *See* 28 U.S.C. § 1331 ("The District Court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

5. Federal questions jurisdiction exists in this matter because:

    (a) The Complaint expressly invokes Plaintiff's "Constitutional Rights".

    (b) The Complaint expressly alleges that it is brought pursuant to a federal statute—18 U.S.C. § 241.

    (c) The Complaint also alleges that a "rule or law" regarding a "Retirement Plan" is at issue, which invokes the Employment Retirement Income Security Act of 1974 as amended ("ERISA"), 29 U.S.C. § 1001, et. seq. ERISA covers a

"employee pension benefit plan" or "pension plan," which is defined as "any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that by its express terms or as a result of surrounding circumstances such plan, fund, or program— (i) provides retirement income to employees, or (ii) results in a deferral of income by employees for periods extending to the termination of covered employment or beyond [...]" 29 U.S.C. § 1002(2). For participants or beneficiaries in an ERISA plan who bring actions related to recovery of benefits under employee benefit plans, ERISA provides an exclusive federal cause of action for participants or beneficiaries. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63 (1987); *Rush Prudential HMO Inc. v. Moran*, 536 U.S. 355 (2002). Even where a complaint does not alleged on its face that the cause of action arises under ERISA, this type of claim filed in state court is removable to federal court as an action arising under federal law. *See* 29 U.S.C. § 1441(a); *Taylor*, 481 U.S. at 66 ("All such actions [regarding ERISA's civil enforcement provisions] in Federal or State courts are to be regarded as arising under the laws of the United States."). Plaintiff's claim regarding his "Retirement Plan" is subject to the civil enforcement provisions of ERISA § 502(a)(1)(B), 29 U.S.C. § 1332(a)(1)(B), and thus the Court has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331.

Accordingly, this is a civil action arising under the laws of the United States over which this Court has original jurisdiction. This case is therefore removable under 28 U.S.C. § 1331 on federal question grounds. *See* 28 U.S.C. § 1441(a).

73530978v.1

**Diversity Jurisdiction Exists Because the Individual Defendants Are Not Proper Parties**

6. Alternatively, this Court also has jurisdiction over the Complaint pursuant to 28 U.S.C. § 1332, on diversity grounds.

7. Diversity jurisdiction exists in this matter because:

(a) Plaintiff claims to be, and upon information and belief is, a citizen of the State of Vermont.

(b) Defendant Costco Wholesale Corporation is incorporated under the laws of the State of Washington, and has its principal place of business (its headquarters) in Issaquah, Washington. *See* **Exhibit D**, Declaration of Brenda Weber. Therefore, Defendant is a citizen of the State of Washington.

(c) Defendants Stafford and Bacon are both citizens of the State of Vermont. However, they must be disregarded because Stafford and Bacon are sham defendants. That is, they cannot be found liable as a matter of law given that Plaintiff's Complaint does not clearly assert any claim, under any law, that provides for liability against either individual. *See Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460–61 (2d Cir. 1998) ("[A] plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy.").

Accordingly, there is complete diversity of parties under 28 U.S.C. § 1332(a)(1).

8. Additionally, the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). That is because Plaintiff seeks damages consisting of "$829,000", "10 years of Medical Insurance Coverage", and a "25yr Costco Bonus." Even excluding the medical insurance coverage and bonus that Plaintiff seeks from the analysis, the

4

Complainant purports expressly to put far more than $75,000 in controversy, exclusive of interest and costs.

9. Because Plaintiff and Defendant Costco are citizens of different states, because Defendants Stafford and Bacon are not proper defendants, and because the amount that Plaintiff purports to place in controversy exceeds $75,000, exclusive of interest and costs, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. This case is therefore removable to this Court pursuant to 28 U.S.C. §§ 1441 and 1446(b).

10. By filing this Notice of Removal, Costco does not waive any defenses available at law, in equity or otherwise. Indeed, Costco denies that Plaintiff has any viable claim, and Costco denies that it is liable to Plaintiff for any damages.

WHEREFORE, Costco respectfully requests that the above-referenced civil action proceed in the United States District Court for the District of Vermont as an action properly removed thereto under 28 U.S.C. § 1331, 1332, and 1441.

July 28, 2021

Respectfully submitted,

COSTCO WHOLESALE CORPORATION

*/s/ Patrick Kennedy*

Patrick Kennedy
SEYFARTH SHAW LLP
Seaport East
Two Seaport Lane, Suite 300
Boston, MA 02210
617-946-4912
PKennedy@seyfarth.com

*Counsel for Defendant Costco Wholesale Corporation*

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Notice of Removal, was served by U.S. Mail, postage prepaid, this 28th day of July, 2021 upon:

Richard A. Martell
28 N. Elm Street
St. Albans City, VT 05478
dboy1167@gmail.com

I also certify that I will file the Notice of Removal electronically with the Clerk of the Superior Court of Vermont on 29th day of July, 2021 in accordance with 28 U.S.C. § 1446(d) and have filed herewith all process, pleadings, and orders served upon or by Costco pursuant to 28 U.S.C. § 1446(a).

/s/ Patrick Kennedy
Patrick Kennedy